AYRES, Judge.
On an action in quantum meruit, plaintiff sought to recover from the defendant Vernon Sayers Dozer Contractor, Inc., and its surety, on a contractor’s bond, the value of a quantity of sand-clay-gravel road-base material, the rental value of a roller-type road-surface packing machine, and the value of a battery allegedly removed from the machine by the defendant-contractor.
The defendant was content with a mere denial of plaintiff’s allegations. No affirmative defense was urged nor other relief sought.
After trial, the court concluded plaintiff had failed to establish any right to recover on the basis of a conversion of plaintiff’s property by defendant such as would warrant plaintiff’s recovery under the principle of quantum meruit. Plaintiff’s demands were accordingly rejected, and he appeals from the judgment.
At the beginning of trial, it was stipulated that the quantity of the base material removed from a pit on lands of International Paper Company, of which materials plaintiff claimed the ownership, was 1,760 cubic yards.
The issues relate to the question of title, or ownership, of the sand-clay-gravel road-base material removed and its value, and to the question of the ownership of the packing machine, as well as its rental value. Also at issue are questions pertaining to the removal of a battery from the machine, and its value. Thus, presented here are questions primarily appertaining to the amount of recovery and to whom recovery should be awarded. In this regard, it may be pointed out, as already noted, that defendants do not contend they do not owe anyone for the sand-clay-gravel road-base material or for the use of the packing machine; nor do they assert any rights or complain of any prejudice by virtue of plaintiff’s claim of ownership of all such materials and machinery.
This litigation arose out of the performance of a contract of October 12. 1970, be *917 tween the Sabine River Authority and the defendant Vernon Sayers Dozer Contractor, Inc., wherein the latter bound and obligated itself to furnish all labor, equipment, and materials required in the construction of a boat-launching ramp, parking area, and an access road to the Sabine River Authority, Toledo Bend Reservoir Park Site No. 2 in DeSoto Parish. Following execution of the contract, the International Paper Company sold to Lamar Haddox Contractor, Inc., under date of November 24, 1970, on lands near the project, quantities of the base material for use in the foundation for the parking area and the access road.
The record is indicative of a contractual relationship of contractor and subcontractor between Vernon Sayers Dozer Contractor, Inc., and Lamar Haddox Contractor, Inc. There is, however, in the record a check dated December 7, 1970, executed by Lamar Haddox Contractor, Inc., to the International Paper Company for the sum of $750.00. Haddox testified this check was, at least, in part payment of the base materials. Also in the record is a receipt dated March 22, 1971, signed by Lamar Haddox, reciting that he “received of H. L. Whitten $.50 per cu. yd. for approximately 2,000 cu. yds. of Sand Clay Gravel located on International Paper Co. property—DeSoto Parish, La. Total . . . $1,000.00.”
In addition to the aforesaid written receipt, Haddox testified he sold to Whitten the gravel, or base material, which was the subject matter of the sale from International Paper Company to the Lamar Had-dox corporation. Whitten likewise testified he acquired the gravel and other materials from Haddox. Sayers, weary of Had-dox’s failure to deliver the gravel when needed, took it upon himself to secure its delivery. He first uncovered it and placed it in piles and then used it. Because of the progress of the work, he could wait no longer on Haddox.
With respect to the issue of Whit-ten’s ownership, it may be pointed out that neither defendant nor its surety has, by any pleadings or contentions, claimed that Whitten did not own the base material; nor do they assert ownership in any other person; nor do they pretend to have been prejudiced by Haddox’s sale of the material to Whitten.
Remaining for consideration with respect to the base material is its value. Plaintiff estimated its value at $4.00 per cubic yard. He did not qualify as an expert on this subject. Nor did he recite any facts or circumstances to support his evaluation of the property. Thus, his testimony in this regard can scarcely be accorded any weight or be given any consideration. Through Haddox’s receipt, the quantity of the base material was estimated at 2,000 cubic yards, for which Whitten paid $1,000.00.
Generally involved in contracts of this character is the profit motive of the vendor. However, there is no evidence upon which a reasonable profit might be awarded plaintiff. In the absence of more specific testimony, we are constrained to hold that the materials, when taken and used by the defendant, had a value in the sum of $750.00 which the record shows is the amount paid by Haddox for the materials.
With respect to the packing machine, Haddox testified he had acquired it and, after using it, had left it in his junkyard; that he told Whitten, if Whitten wanted to repair the machine, he could have the use of it for a period of three years. Whitten testified that he had such use of the machine between March 22 and April 16, 1971, the interval of time, he asserted, for which the defendant-contractor was charged with its unauthorized use. Whitten testified that the rental value or cost of such a machine as we are concerned with here was $63.75 per day. Defendant’s witness Robert Edwin Brown testified that the rental value of such a machine was from $8.00 to $10.00 per hour. Plaintiff was unable to testify as to the number of days the defendant-contractor *918 used the machine; on only one day did he see the defendant using it. Defendant’s witnesses testified to defendant’s use of the machine during only three days. The loss allegedly occasioned by the removal of the battery was not sufficiently established.
For the reasons herein assigned, we conclude plaintiff is entitled to recover from the defendant Vernon Sayers Dozer Contractor, Inc., as follows:
For the road-base materials-taken $750.00 For the rental value of the road-packing machine for a period of three days at $63.75 per day 191.25 $941.25
The judgment appealed is accordingly annulled, avoided, reversed, and set aside; and
There is now judgment in favor of plaintiff, Huey L. Whitten, against the defendant Vernon Sayers Dozer Contractor, Inc., for the sum of $941.25, with legal interest thereon from judicial demand until paid, and for costs.
Reversed and rendered.